Document Number Case Number
                                 07-C-0492-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
10/03/2007 12:26:21 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK KIM PATTERSON,

                                          ORDER

                Petitioner,

                                  07-C-492-C

     v.

WARDEN RICARDO MARTINEZ,
Federal Correctional Institution,
Oxford, Wisconsin,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Derrick Kim Patterson has filed a pleading in this court seeking habeas

corpus relief under 28 U.S.C. § 2241.  He is an inmate at the Federal Correctional

Institution in Oxford, Wisconsin, serving a sentence imposed by the District Court for the

District of Minnesota.  In his petition, petitioner contends that he is in custody in violation

of the laws and Constitution of the United States, because witness testimony was allowed

at his criminal trial that was perjured or should have been struck and because the court

informed the jury that petitioner had "pled guilty."  (Petitioner does not identify the crimes

to which he may have pleaded guilty.)  Although petitioner has paid the $5.00 filing fee, his

petition must be dismissed at the outset for lack of jurisdiction.

1

As noted above, petitioner has presented his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but he has given no reason why his claim should not be construed as a motion brought under 28 U.S.C. § 2255.  It is not simply a matter of preference: § 2255 is the only avenue available to him for attacking his federal conviction and sentence.  See Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Because petitioner is challenging the validity of his conviction in the Minnesota district court, his claims must be presented in a § 2255 motion directed to the court that imposed his sentence.  There is a narrow safety valve that permits federal sentences to be attacked collaterally under § 2241 when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention."  In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998). However, petitioner submits nothing in his petition or supporting papers suggesting that his challenge fits within the exception.  His failure to file a timely § 2255 motion in the court that imposed his sentence does not give him the right to proceed under § 2241 in this court. Morales v. Bezy, ___ F.3d ___, 2007 WL 2406860 (7th Cir. Aug. 24, 2007).  Section 2255 is not considered an inadequate or ineffective vehicle for challenging the legality of a prisoner's detention just because a motion under that statute might fail because it has been filed beyond the one-year deadline established in 28 U.S.C. § 2244(d)(1)(A).

ORDER

IT IS ORDERED that Derrick Kim Patterson's petition for a writ of habeas corpus

brought pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 1st day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3